**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAY CHEN, )<br><br>Plaintiff, )<br><br>v. )<br><br>METROPOLITAN POLICE )<br>DEPARTMENT, *et al.*, )<br><br>Defendants. ) | Civil Action No. 22-0693 (UNA) |

**MEMORANDUM OPINION**

Plaintiff filed a civil action in the Superior Court of the District of Columbia against the

Metropolitan Police Department, and by Order dated January 6, 2022, the Superior Court

dismissed the complaint for failure to state a claim for which relief can be granted.[1] *See* Order

Denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and

Dismissing Case, *Chen v. District of Columbia*, No. 2021 CA 004151 B (D.C. Super. Ct. Jan. 12,

2022). Plaintiff has submitted her complaint in this Court on a preprinted form titled "Complaint

for Civil Case Alleging that the Defendant Owes Plaintiff a Sum of Money" (ECF No. 1).

Although the complaint alleges very few facts, the Court surmises that plaintiff filed a case in

federal court because she is dissatisfied with the outcome of the case in Superior Court.

---

[1]     Plaintiff submits a copy of the docket sheet for the Superior Court case, *see* ECF No. 1-2 at 21-22 (page numbers designated by CM/ECF), reflecting case activity from November 10, 2021, through December 14, 2021. This Court may take judicial notice of public records from the Superior Court proceedings, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005), and has reviewed the full docket online.

Plaintiff's original complaint is subject to dismissal for three reasons. *First*, Plaintiff invokes diversity jurisdiction, but she has not pleaded complete diversity of parties. She identifies herself as a resident of Maryland and one of the defendants, Geico Insurance, is identified as a resident of Maryland. Complete diversity of citizenship is therefore lacking. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (stating that diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity between all plaintiffs and all defendants").

*Second*, if Plaintiff seeks review of the Superior Court dismissal, "[a]s a general rule, applicable here, this Court lacks jurisdiction to review the decisions of the Superior Court." *Morton v. United States*, No. 1:19-CV-00514, 2019 WL 1924252, at *1 (D.D.C. Apr. 26, 2019) (citations omitted); *see Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam) ("[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

*Third*, even if not seeking review of the Superior Court dismissal, given the dearth of factual allegations, *see, e.g.*, ECF No. 1 at 6 (page number designated by CM/ECF), the complaint fails to meet the minimum pleading standard set forth in Federal Rule of Civil Procedure 8. Plaintiff's complaint fails to contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). As drafted, the complaint does not give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court has reviewed plaintiff's amended complaint (ECF No. 4) and finds that it, too, is subject to dismissal.  Plaintiff cannot establish diversity jurisdiction by adding defendants West Covina, California, and Prince George's County, Maryland as party defendants.  Despite now describing herself as a D.C. resident, the Metropolitan Police Department remains a party to the action meaning complete diversity is lacking.  Furthermore, the factual allegations of the amended complaint, *see, e.g.,* ECF No. 4 at 5, are so vague as to run afoul of Rule 8(a).

The Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint, as amended, and this civil action without prejudice.  A separate Order will issue.

DATE: June 9, 2022

TREVOR N. McFADDEN
United States District Judge